IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN TROPHY INC. and CROWN AWARDS INC.,<br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>Defendant. | Case No. : 7:20-cv-08290-VB<br><br>CIVIL ACTION<br><br>**CONFIDENTIALITY ORDER** |

  WHEREAS, during the course of this Litigation, the parties and certain non-parties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary;

  WHEREAS, the parties wish to preserve the confidentiality of such information through the use of a Confidentiality Order; and

  WHEREAS, the parties have a legitimate interest in maintaining the confidentiality of the categories of confidential and/or proprietary information that the parties may exchange or receive from non-parties, and will suffer immediate and serious injury if the confidentiality of such information is not maintained;

  IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Order shall govern the handling of all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, deposition testimony, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and any other information or material, transcripts, and tangible things) and the contents thereof, produced, given, or exchanged by and among the parties and any non-parties to this Litigation (whether by formal process, agreement, or

1

otherwise) (together "Discovery Materials") in connection with discovery in the above-captioned action (the "Action"); and good cause appearing for the entry of this Confidentiality Order,

IT IS THIS  27   day of   January  , 2021,

ORDERED as follows:

1. **PARTIES TO THE CONFIDENTIALITY ORDER.** This Confidentiality Order (hereinafter "Order") governs the named Plaintiffs and the named Defendant (including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel[1] and their support staffs) (collectively, "the Parties") in the Action, and any non-parties who might produce information in discovery. A "Receiving Party" is a party that receives Discovery Material from a party or non-party that produces Discovery Material ("Producing Party"). All references to "Producing Party" or "Designating Party" throughout this order are intended to include non-parties. A "Challenging Party" is a party or non-party that challenges the designation of information or items under this Order.

2. **SCOPE OF THE CONFIDENTIALITY ORDER.** This Order shall govern the use of material designated as "Confidential" ("Protected Material") produced during discovery in the Action, including, among other things, documents, depositions, deposition exhibits, interrogatory responses, and responses to requests for admissions. For purposes of this Order, the Party or Non-Party designating Discovery Material as Protected Material (the "Designating Party") bears the burden of establishing the confidentiality of all such Protected Material. All Protected Material exchanged or received pursuant to this Order shall (i) be used by the Receiving Parties solely for purposes of the Action, (ii) not be used by the Receiving Parties for any other purpose,

---

[1] "Outside Counsel" are attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party, or are affiliated with a law firm that has appeared on behalf of that Party.

2

and (iii) not be disclosed by the Receiving Parties to anyone other than those Qualified Persons set forth in Paragraph 15.  Nothing herein shall restrict a recipient permitted to receive Protected Material from making working copies, abstracts, digests, and analyses of such Protected Material for use in connection with this Action, but such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Order as the Protected Material to which they pertain.  Further, nothing herein shall restrict a Qualified Person from converting or translating such information into machine-readable form for incorporation in a data-retrievable system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to Qualified Persons.

3. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Protected Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose any item so designated to their clients except pursuant to the procedures and terms set forth in this Order.

4. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged authenticity, relevance, privilege, admissibility, or discoverability of the Protected Material produced pursuant hereto.

5. Nothing contained in this Order shall affect any Party's or Non-Party's right to (i) object to any discovery request, including but not limited to the right to assert that no discovery should be had of certain documents or information, or (ii) assert any privilege, immunity, protective doctrine, or the work-product doctrine with regard to any request for disclosure.

6. **DEFINITION OF "CONFIDENTIAL" INFORMATION.**  For purposes of this Order, "Confidential Information" shall mean all material (regardless of how it is generated,

3

stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), including but not limited to all non-public material that contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a Party's or Non-Party's business advantage if publicly disclosed, personal financial information, personal identifying information of the type described in Federal Rule of Civil Procedure 5.2, or other personally or competitively sensitive information, information received in confidence from third parties, and any other material that is Confidential pursuant to applicable law, including trade secrets.  Any copies, reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

7.     Protected Material shall not include information that has been or is as of the date hereof generally available to the public, or that becomes generally available to the public after the date hereof as a result of disclosure by the Designating Party.  Nothing in this Order shall impose any restriction on the use or disclosure by a Party of its own documents or information.

8.     **MARKING DOCUMENTS "CONFIDENTIAL"** The Designating Party shall designate, as appropriate, Protected Material by affixing the legend "Confidential" to each page of each document that contains Protected Material.  Any such stamp or designation shall not in any manner cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document, to the extent possible.

9.     Except as otherwise provided in this Order (*see, e.g.*, Paragraph 12), or as otherwise stipulated or ordered, designation of Discovery Materials that qualify for protection under this Order shall be made before, or at the time of, production or disclosure.  The designation or failure to designate materials as Protected Material at the time of production or otherwise shall not be

4

determinative of that material's status as trade secret, proprietary, or otherwise as confidential information.

10. **DESIGNATING DEPOSITIONS AS PROTECTED MATERIAL.** With respect to any deposition, confidential treatment may be invoked by (i) designating testimony as "Confidential" on the record at the deposition, or (ii) serving such designations within thirty (30) days after receipt of the final transcript of the deposition in which such Protected Material is disclosed. All deposition transcripts shall be treated as "Confidential" for thirty (30) days following receipt of the final transcript. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential."

11. **NO OBLIGATION TO OBJECT.** No Receiving Party shall be under any obligation to object to the designation of any document at the time such designation is made. No Receiving Party shall, by failure to object within a certain period of time, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time in the future.

12. **AMENDING DESIGNATIONS.** If at any time prior to the final judgment in this Action, a Party or Non-Party realizes that documents or other material not previously designated should be protected as "Confidential" material (including without limitation documents produced by another Party or Non-Party in which the Designating Party has a confidentiality interest), the Party or Non-Party may so designate by advising all other parties (and interested Non-Parties, if any) in writing. The designated documents or material will thereafter be treated as so designated pursuant to this Order. Upon receipt of such designation, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Protected Material and to

retrieve the newly designated Protected Material from any person who is no longer permitted by this Order to have such information. The provisions in Paragraph 11 above apply with full force to amended designations made under this Paragraph.

13.     **USE OF PROTECTED MATERIAL.**  All Protected Material, along with the information contained in designated documents, shall be used solely for the purpose of this Action, and no person receiving such documents shall, directly or indirectly, transfer, use, disclose, or communicate in any way the contents of the documents to any person other than those permitted in Paragraph 15. Prohibited purposes include, but are not limited to, use in any litigation or proceeding other than in this Action or for competitive purposes. Each Party must make reasonable efforts to protect the confidentiality of any Protected Material disclosed or produced to that Party. A Party who learns of a breach of confidentiality must immediately use its best efforts to remedy the breach, must promptly (and in no event later than five (5) business days after discovery) (i) notify the Producing Party of the scope and nature of that breach, (ii) inform the persons to whom unauthorized disclosures were made of all the terms of this Order, and (iii) request such persons execute the "Certification" that is attached hereto as Exhibit A.

14.     **DISCLOSURE OF "CONFIDENTIAL" INFORMATION.**  "Confidential" information may be disclosed only to the following Qualified Persons:

(a)     the Court, including employees, judges, secretaries, special masters appointed in the Action, stenographic reporters, staff, transcribers, all other personnel necessary to assist the Court in its function, and the jury;

(b)     the Parties, including in-house counsel and any director, officer, or employee involved in the prosecution or defense of this Action, or who may have oversight

6

responsibilities for employees involved in the prosecution or defense of this Action, for Parties which are not natural persons;

(c) counsel of record for the Parties, including all attorneys of such counsel's law firms who are or may be assisting in the conduct of the Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the Parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such attorneys;

(d) outside independent persons and/or vendors (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to furnish technical or expert services, non-technical jury or trial consulting services, or to provide assistance as mock jurors or focus group members or the like, or to give testimony in this Action;

(e) litigation support services vendors, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

(f) consulting or testifying experts, including associated personnel necessary to assist experts in the Action;

(g) persons who created, authored, received, reviewed, or are reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the Confidential Information;

7

   (h) persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that counsel who discloses Protected Material to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action, and subject to the terms set forth in this Order regarding the use of Protected Material in depositions;

   (i) claims administrators, auditors, intermediaries, accountants, insurers, reinsurers, and retrocessionaires of the Parties;

   (j) any governmental, regulatory, or administrative agency who may seek review of Confidential Information from any Party;

   (k) any entity or person to whom any Party, by law, is required to make such disclosure;

   (l) any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

   (m) any person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

   15. The counsel of record disclosing Protected Material to a Qualified Person shall take all necessary steps to ensure that all Qualified Persons receiving Protected Material abide by the terms of this Order and maintain it in a protected and secure manner.

   16. **CERTIFICATION OF CERTAIN QUALIFIED PERSONS.** Outside Counsel for each Party shall be responsible for obtaining a Certification in the form annexed hereto as Exhibit A from each Qualified Person to whom that Party discloses Protected Material, before Protected Material is disclosed to such person, except the persons identified above in Paragraph

8

15(a), (b), (c), (g), (i), (j), and (k).  An agreement on the record at a deposition to abide by the terms of this Order shall be equally binding as a Certification for persons identified in Paragraph 15(h). The original of the executed Certification shall be retained by counsel disclosing Protected Material to such person.

17. **CHALLENGING PROTECTED MATERIAL DESIGNATIONS.**  A Party objecting to designation of any material as Protected Material shall give written (e-mail or letter) notice to the Designating Party.  The Parties agree to limit such objections to documents that the objecting Party reasonably anticipates using in this Action (*e.g.*, at deposition or in support of a litigation filing).  Upon receipt of the written objection, counsel for the Designating Party shall, within ten (10) business days, provide a written response to the objecting Party explaining the basis for the designation.  The Parties shall thereafter meet and confer in good faith to attempt to resolve any dispute without resort to Court intervention.  If the objecting Party and the Designating Party cannot resolve a dispute through such meet-and-confer discussions and the objecting Party elects to seek judicial intervention, the objecting Party shall present the dispute to the Court by letter before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. In the event that the Court rules that challenged material is incorrectly designated, the Designating Party shall reproduce copies of all such materials without the overruled designation at the Designating Party's expense within fourteen (14) business days of the Court's order so ruling.

18. **NO WAIVER OF PRIVILEGE.**  The production of privileged, work-product-protected documents or information, or documents or information protected by any other claim of immunity or protection from disclosure is not a waiver of the privilege or protection from

9

discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted as incorporating by reference, and shall provide the maximum protection allowed by, Federal Rule of Evidence 502(d).  However, nothing herein restricts the right of the Receiving Parties to challenge a Producing Party's privilege claim.

19. **PRODUCTION OF OR FAILURE TO DESIGNATE PRIVILEGED OR OTHERWISE PROTECTED INFORMATION.**  The Parties agree that they do not intend to disclose information subject to a legally recognized privilege claim or other protection (including without limitation the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or other applicable privilege, immunity, or protection from disclosure) ("Non-Discoverable Information").

   a. If a Producing Party discovers that it disclosed any Non-Discoverable Information, it shall promptly (within fourteen (14) business days) notify the Receiving Parties in writing.  The Receiving Parties shall thereafter return or destroy the Non-Discoverable Information without distributing, disseminating, or reproducing the material, and shall retrieve or destroy the Non-Discoverable Material to the extent such document has been distributed, disseminated, or reproduced.  Such disclosure of Non-Discoverable Information shall not constitute a waiver by the Producing Party of any privilege claims or work-product immunity.

   b. A Party or Non-Party that discovers or learns that it may have received Non-Discoverable Information shall promptly (within 7 business days of discovering that a document may qualify as Non-Discoverable Information) notify the Producing Party in writing and shall promptly (within 7 business days) return or destroy the document without distributing, disseminating, or reproducing the document, and shall retrieve or destroy the document to the extent such document has been distributed, disseminated, or reproduced.  Nothing in this provision

shall require a Receiving Party to evaluate documents produced for the purpose of ascertaining whether they may constitute Non-Discoverable Information.

c. Nothing in this Order shall affect any Party's or Non-Party's right to challenge a Producing Party's claim that certain documents or information are subject to a legally recognized privilege claim or other protection (including without limitation the attorney-client privilege, the work-product doctrine, or the joint-defense privilege).

d. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

20. **SUBPOENA FOR PROTECTED MATERIAL.** If any Party has received Protected Material under the terms of this Order and receives a request to produce such Protected Material by subpoena or other compulsory process commanding the production of such information, unless barred by law, such Party shall, as soon as practical, but in any event within three (3) business days of receipt of the subpoena or other compulsory process:  (i) provide a copy of the subpoena (or other form of process) to the Designating Party; (ii) provide a copy of this Confidentiality Order and notice in writing to the subpoenaing or requesting party that some or all of the material covered by the subpoena or other compulsory process is subject to this Order; and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the party served with the subpoena or other compulsory process shall not produce any information designated in this Action as Protected Material before a determination by the court from which the subpoena or other compulsory process issued, unless the party has obtained the Designating Party's permission.  Nothing herein shall be construed as authorizing or encouraging

11

a party receiving a subpoena or other compulsory process to disobey a lawful directive from another court.

21. **FILING CONFIDENTIAL INFORMATION.**  Unless the Designating Party consents to the public filing of a document containing Protected Material, a Party filing any document containing or otherwise revealing the content of Protected Material must comply with any procedure required by the Court for sealing same.  Protected Material shall not lose its confidential status solely because it is used in any Court proceeding in this Action.

22. **TRIAL OR HEARING(S).**  In the event that the Action proceeds to trial or any hearing, and should the need arise for any Party to disclose Protected Material, including through argument or the presentation of evidence, such Party may do so only after giving written notice to the Producing Party and as directed by the Court.  In the event of a Party's unintended need to disclose Protected Material during a trial or hearing arises, the Party shall orally advise the Producing Party during such trial or hearing, and state on the record, that the Party desires to disclose Protected Material.  The Producing Party shall be provided reasonable time to seek relief from the Court.

23. **CONTINUING APPLICABILITY.**  The obligations imposed by this Order shall survive the final adjudication of this Action, and remain binding throughout, including but not limited to final adjudication of any appeals and petitions for extraordinary writs.  Nothing in this Order shall be construed to contradict any provision of law.  The Court retains jurisdiction even after termination of this Action to enforce this Confidentiality Order and to make such amendments, modifications, deletions, and additions as the Court may deem appropriate.

24. **FINAL TERMINATION.** Within sixty (60) days of the termination of the Action, including any and all appeals, counsel for each Party shall return to the Party that produced the

information all documents designated as "Confidential" and all copies, excerpts, and summaries thereof, or shall destroy the same, or shall certify that such documents and information will be maintained as Confidential and that the Party retaining such documents and information shall continue to be bound by this Order with respect to same.  Outside Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Material.  Protected Material, and the Parties, Non-Parties, Outside Counsel or other persons retaining it, will continue to be bound by this Order with respect to all such retained information.  Further, attorney-work-product materials that contain Protected Material need not be destroyed, but, if they are not destroyed, the persons in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

25. **MODIFYING THIS ORDER.**  Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court (including but not limited to modification of the Order or seeking such further enhancing or limiting confidentiality as may be appropriate), nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**STIPULATED BY:**

| ROSENBERG FELDMAN SMITH, LLP | CLYDE & CO US LLP |
|---|---|
| *s/Michael H. Smith* | *s/Meghan C. Goodwin* |
| Richard B. Feldman, Esq. | Daren S. McNally, Esq. |
| Michael Smith, Esq. | Barbara M. Almeida, Esq. |
|  | Meghan C. Goodwin, Esq. |

**SO ORDERED:**

_____
**VINCENT L. BRICCETTI, U.S.D.J.**

13

14

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN TROPHY INC. and CROWN AWARDS INC., <br> Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br> Defendant. | Case No. : 7:20-cv-08290-VB <br><br> CIVIL ACTION <br><br> **CERTIFICATION TO AGREE TO TERMS OF DISCOVERY <u>CONFIDENTIALITY ORDER</u>** |

In consideration of the disclosure to me of information which is subject to a Discovery Confidentiality Order in this action, I certify as follows:

1. I have read the Confidentiality Order in this action and I agree to comply with and be bound by its terms.

2. I understand that if I violate the terms of this Confidentiality Order, I may be subject to an enforcement proceeding before the United States District Court, Southern District of New York.

3. I agree to submit myself to the personal jurisdiction of the United States District Court, Southern District of New York in connection with any proceeding concerning the Confidentiality Order.

4. I promise that I will not disclose in any manner any documents, copies of documents, contents of documents, or any other type of information designated "Confidential" obtained pursuant to such Confidentiality Order to any person other than those specifically authorized by the Confidentiality Order. I shall not copy or use such documents except for the purposes of this Action and pursuant to the terms of the Confidentiality Order.

5. As soon as practicable, but no later than thirty (30) days after termination of this Action, I shall destroy or return to the attorney from whom they were received, any documents in

my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, or certify that any such documents and information retained shall be maintained in compliance with this Order.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____
       Signature

Printed Name: _____

Dated: _____